## NEW-YORK SUPERIOR COURT.

JOHN O. WOODRUFF and ROBERT M. HENNING agt. THE NEW-YORK & NEW-HAVEN RAILROAD COMPANY.

The New-York and New-Haven Railroad Company, under the decision in the Mechanics' Bank case (3 *Kern.* 599), are not liable in an action *on the case for the fraud of Schuyler*, in inducing a loan upon the faith of the false and fraudu lent certificates of stock issued by him, and transferred by him on the books of the company (but no new certificate given) prior to making the loan.

*New - York Special Term, January,* 1860.

THIS action was brought to recover for fraudulent represen-tations, made by the defendants, through their transfer agent, Robert Schuyler, and involved the question as to the liability of the company, on account of the spurious stock issued by Schuyler. The cause was tried on the 4th and 5th days of December last, before Justice WOODRUFF.

It appeared on the trial, that on the 23d of June, 1854, E. W. Clark, Dodge & Co., as agents of the plaintiffs, were ap-plied to by Gouverneur Morris, for a loan of $20,000, on a cer-tificate for two hundred and seventy shares of the company's stock, dated that day (being one of Schuyler's fraudulent is-sues), and that upon the faith of it, and after insisting that the stock should be transferred to them on the books, prior to making the loan, they agreed to make such loan for sixty days, without any knowledge of the true character of the cer-tificate, and believing it to be genuine. The stock was duly transferred into the name of E. W. Clark, Dodge & Co., the same day, by the usual transfer, executed in the office of the company, the transaction being superintended and consented to by the usual clerk in the transfer office, but no new certifi-cate was taken out. The loan was then made, and Morris not having repaid it, and the company having declined to recog-nize the certificate, or to admit the right of the plaintiffs to the stock, this action was brought, claiming that the company was liable in an action on the case, for the fraud of Schuyler, in in-ducing the loan upon the faith of the false and fraudulent cer-tificate, and the transfer of the two hundred and seventy shares. A large amount of evidence was given on both sides, but this statement comprehends its substance.

R. C. EMBREE, WALTER RUTHERFORD *and* S. E. LYON, *for plaintiffs.*

WM. CURTIS NOYES, *for defendants.*

WOODRUFF, Justice.   If the principles declared in the only opinion which was delivered in the court of appeals, in the

case of the *Mechanics' Bank* against the present defendants (3 *Kernan's Rep.* 599), are applied in their full extent to this case, I have not been able to avoid the conclusion that the defendants should have judgment, and whatever may be my opinion, uninfluenced by that decision, I do not feel at liberty to say that the court of appeals do not intend to hold all of the propositions, which are there stated, as reasons for the judgment given.

After full reflection and examination of the cases cited, it appears to be most conformable to what is fitting and proper to find the facts proved, apply to them the principles declared in the case referred to, and leave the plaintiffs to resort to the court of appeals itself, if the plaintiffs believe that the circumstances, which, in many important particulars, distinguish this case from the other, will in the judgment of that tribunal, entitle the plaintiffs to recover.

I am satisfied that I cannot assign reasons for a judgment for the plaintiffs, which are satisfactory to my own mind, without conflicting with the opinion of the court of last resort.

I therefore direct judgment herein for the defendants, with costs to the defendants, The New-York and New-Haven Railroad Company, who have appeared and answered herein.